IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DAVID AND RUTH M. FULLER,<br><br>    Plaintiffs,<br><br><br>    vs.<br><br><br>SPRINGVILLE CITY (A Municipal Corporation),<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br><br><br>Case No. 2:09-CV-781 TS |

This matter is before the Court on Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) failure to state a claim upon which relief may be granted.[1]  Because the Court finds it lacks jurisdiction, the 12(b)(6) claim will not be addressed.

Plaintiffs' Complaint is largely confusing and lays out, at best, a number of grievances against The City, such as utility work damaging the sidewalk, receipt of multiple letters, and issues dealing with Plaintiffs' voting rights, couched as facts.  In the end, however, it appears that Plaintiffs' primary grievance concerns a basement apartment in their home, that Plaintiffs have

---

[1] FED. R. CIV. P. 12(b).

and continue to rent, that does not conform with the applicable zoning.

The claims Plaintiffs attempt to plead are as follows: 1) Tortious Bad Faith; 2) Breach of Contract; 3) Abuse of Process; 4) Declaratory Judgment.[2] Within these causes of action, Plaintiffs state they have plead both a takings and due process claim.[3] The only claims that could present a federal question are the takings and the due process claims.

This Court has jurisdiction over cases according to 28 U.S.C. § 1331 and 28 U.S.C. § 1332. Section 1331 gives a federal district court jurisdiction over federal questions.[4] Section 1332 gives a federal district court jurisdiction over matters where there is a diversity of citizenship and the amount in controversy exceeds $75,000.[5] There are no factual allegations supporting either of these circumstances in the Complaint.

It is well established that pleadings by pro se plaintiffs must be liberally construed.[6] Even when construing the Complaint under this standard, the Court finds no jurisdiction has been laid. The Court finds no federal question, as the main grievance is Plaintiffs' nonconforming basement apartment and their inability to obtain a nonconforming use permit. Plaintiffs memorandum in opposition states they have made a takings claim and seek to have the zoning ordinance declared unconstitutional and void.[7] The Court finds no allegations of a taking in the Complaint. As

---

[2] Docket No. 1.

[3] Docket No. 5 at 1-2.

[4] 28 U.S.C. § 1331.

[5] 28 U.S.C. § 1332.

[6] *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[7] Docket No. 5 at 1-2.

discussed below, zoning ordinances are presumptively constitutional.

Zoning and the accompanying deprivation of one's use of their land has been upheld as Constitutional since *Euclid v. Ambler Realty Co.*,[8] where the Court found ordinances to be a legitimate exercise of a municipality's police power if the ordinances are not "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare."[9]  The Court also established a legal presumption in favor of constitutionality, "[i]f the validity of the legislative classification for zoning purposes be fairly debatable."[10]  Therefore, zoning in general does not present a federal question, and the Court has found no allegations that can be so construed.

Even if the Court were to find a plausible takings claim existed based on the Complaint, review is premature at this time because Plaintiffs have not exhausted their state remedies. Plaintiffs claim they have exhausted their remedies through a settlement reached with The City in regards to another nonconforming issue dealing with animals on their property.[11]  However, that non-conforming animal issue is not the subject of this lawsuit.

The Court does not have jurisdiction under section 1332 either.  Because the parties are all residents of Utah, there is no diversity of citizenship.

---

[8]272 U.S. 365 (1926).

[9]*Id*. at 395.

[10]*Id*. at 388.

[11]Docket No. 5 at 8, 29-32.

Based on the above the Court finds it lacks jurisdiction over this matter.  Therefore Defendant's Motion to Dismiss (Docket No. 3) is GRANTED.


DATED   December 2, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge